

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-10-2008

# United Steel Paper v. Neville Chem Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3554

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"United Steel Paper v. Neville Chem Co" (2008). *2008 Decisions*. Paper 247.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/247

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No.07-3554

———

UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE WORKERS
INTERNATIONAL UNION

v.

NEVILLE CHEMICAL COMPANY,
                                    Appellant

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 06-cv-00640)
District Judge: Honorable Terrence F. McVerry

———

Submitted Under Third Circuit LAR 34.1(a)
October 30, 2008

Before: SLOVITER, STAPLETON, and TASHIMA,[*] Circuit Judges

(Filed   November 10, 2008 )

———

OPINION

———

_____

[*] Honorable A. Wallace Tashima, Senior Judge of the
United States Court of Appeals for the Ninth Circuit, sitting by
designation.

SLOVITER, <u>Circuit Judge</u>.

United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union (the "Union"), brought this action to enforce an arbitration award which directed Neville Chemical Company ("Neville"), the employer, to reinstate Gregory McCann, a Union member, and make him whole. Neville appeals the District Court's Orders granting the Union's motion for summary judgment and ordering Neville to pay damages consisting of back pay from the date of McCann's discharge and unemployment compensation.

## I.

The parties agree on the facts. McCann, a longtime employee of Neville, became a Packager in 2003, a position requiring repetitive lifting of fifty pound bags. From July 2004 until his discharge, McCann was working in a light duty capacity as a result of a back injury he sustained in May 2004. McCann's physician reported that McCann's condition was improving; thus he remained eligible for light duty work under Neville's Return to Work Procedure because his injury was deemed temporary and he was making progress toward a return to full duty.

In February 2005, McCann was disciplined for his involvement in two work incidents. The first incident, which occurred on February 15, 2005, resulted in McCann being suspended for three days without pay. The second, which occurred on February 20, 2005, resulted in McCann being suspended without pay for five days and subject to

discharge.  McCann last worked on March 14, 2005.  On March 15, 2005, the Union filed

grievances relating to the two incidents pursuant to the collective bargaining agreement,

which were submitted to arbitration.  On January 19, 2006, the arbitrator issued Awards

deciding each grievance.  The arbitrator decided that Neville had proper cause to

discipline McCann for the second incident only.  Therefore, the arbitrator rescinded the

first suspension and reduced the discharge to a three-day suspension without pay from

March 20 through March 22 as the next step in progressive discipline.  The arbitrator

directed Neville to reinstate McCann and make him whole from March 23, 2005 until his

reinstatement.

The parties agree that Neville subsequently reimbursed McCann for the reduction

in his suspensions, reinstated his health insurance benefits and seniority, and paid him the

balance due for his 2005 vacation and holiday pay.  Neville did not, however, reinstate

McCann or pay him back pay from March 23, 2005.  Neville contended that it could not

reinstate McCann because he was physically unable to perform his former job and,

because his condition was permanent, he was no longer eligible for light duty work under

the Return to Work Procedure.

The District Court, in granting summary judgment in favor of the Union, held that

Neville waived the right to raise McCann's physical limitations as a defense to the

enforcement of the award because it failed to raise the issue before the arbitrator.

Furthermore, Neville failed to make a timely motion to vacate or modify the arbitration

3

award. The District Court's damages award included back pay from the date the arbitration award ordered reinstatement, and the amount of unemployment compensation McCann would have received during a lockout at Neville's facility had he been reinstated. In ordering back pay, the District Court rejected Neville's argument that back pay cannot be awarded during a period of disability, once again because Neville failed to raise McCann's physical limitations before the arbitrator or in a motion to vacate the arbitration award.

## II.

The District Court had subject matter jurisdiction pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) and 28 U.S.C. § 1331. This court has jurisdiction from the entry of the District Court's Orders pursuant to 28 U.S.C. § 1291. We have plenary review of the District Court's Orders. See United Food & Commercial Workers Union Local 1776 v. Excel Corp., 470 F.3d 143, 145 (3d Cir. 2006).

## III.

Neville argues that the District Court committed legal error in granting summary judgment in favor of the Union because McCann was physically unable to return to work. Neville argues that because McCann applied for workers' compensation claiming total disability as of March 14, 2005, he admitted he had become totally disabled as of the date of his discharge. Therefore, Neville complied with the arbitration agreement in that it

4

made McCann whole by restoring him to the state he was in on the date of his discharge as a totally disabled inactive employee. Neville argues that the District Court's Orders, in effect, granted McCann a permanent light duty job, which is an issue the arbitrator did not decide and a result that is contrary to the terms of the Return to Work Procedure.

As the District Court concluded, Neville waived these arguments. An employer's failure to raise defenses to the enforcement of an arbitration award in a timely motion to vacate or modify the award bars it from raising them thereafter. See Serv. Employees Int'l Union Local 36 v. City Cleaning Co., 982 F.2d 89, 93 (3d Cir. 1992). As Neville failed to bring an action to modify, vacate, or correct the arbitration award within thirty days as required under Pennsylvania law, it is precluded from arguing that it was unable to reinstate McCann due to physical inability and that it cannot be ordered to pay back pay. 42 Pa. Cons. Stat. Ann. § 7314(b); Serv. Employees Int'l Union Local 36, 982 F.2d at 93. In addition, Neville failed to raise this issue at the arbitration hearings even though the medical records and testimony in connection with McCann's workers' compensation proceeding, which are the basis of Neville's argument, were available at the time of the arbitration hearings. The District Court's award of back pay from the time McCann was discharged does not grant a permanent light duty position. It merely enforces the arbitration award.

We reject Neville's argument that the District Court's holding is in conflict with our opinion in United Food and Commercial Workers Union Local 1776 v. Excel Corp.,

5

470 F.3d 143 (3d Cir. 2006). In Excel, we held that an employer's payment of back pay from the date of an employee's wrongful suspension to the date of his second termination for separate conduct acted as effective reinstatement in satisfaction of the arbitration award and "the employer was free to terminate the employee a second time based on independent grounds, pending a second arbitration." Id. at 144. Important to our decision were the facts that the employer notified the employee that he was being terminated for the independent grounds and the employer presented the independent reason to the arbitrator but the arbitrator did not consider it. Id. at 149. Here, in contrast, Neville did not notify McCann that his alleged disability was a ground for termination until well after the arbitrator's award and, most importantly, it failed to present this basis for termination to the arbitrator. As we noted in Excel, "[t]he long-established federal policy of settling disputes by arbitration would be seriously undermined if parties kept available information from the arbitrator and then attempted to use the information as a defense to compliance with an adverse award." Id. (quoting Chicago Newspaper Guild v. Field Enters., Inc., 747 F.2d 1153, 1157 (7th Cir. 1984)).

Finally, Neville argues that the damages awarded for the unemployment compensation McCann would have received had he been reinstated allows the Union to collaterally attack the denial of McCann's unemployment compensation claim and violates the Rooker-Feldman doctrine. On the contrary, the District Court did not impose these damages as a second opportunity to receive unemployment compensation, but rather

6

to satisfy the arbitration award's direction that McCann be "made whole."  App. at 136a.

## IV.

For the above-stated reasons, we will affirm the District Court's Orders.